Athanasios MELLOS et al., Appellants,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, and National Surety Corporation, a corporation, Appellees.

No. 13942.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 8, 1957.

Decided Nov. 21, 1957.

Mr. Ernest M. Shalowitz, Washington, D. C., with whom Messrs. Louis E. Spiegler and Sol M. Alpher, Washington, D. C., were on the brief, for appellants.

Mr. E. Tillman Stirling, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Thomas McGrail, Asst. U. S. Attys., were on the brief, for appellee Brownell.

Messrs. Arthur C. Bailey, Bernard J. Gallagher and J. Roy Thompson, Jr., Washington, D. C., entered appearance for appellee National Surety Corp.

Before EDGERTON, Chief Judge, and PRETTYMAN and BASTIAN, Circuit Judges.

PER CURIAM.

Appellants are aliens, who last entered the United States as temporary visitors on November 6, 1948. Thereafter, through the National Surety Company, they executed departure bonds conditioned upon their departure at the expiration of their temporary visit in the United States. The obligee in the bonds was the United States of America. Extension of this temporary stay was granted until October 19, 1950.

On July 13, 1951, the Immigration and Naturalization Service declared the bonds breached by appellants due to their failure to depart the United States by October 19, 1950.

By a private bill enacted into law May 21, 1952, appellants were granted permanent residence as of the date of the enactment of the Act.[1]

Appellee Attorney General, through the Immigration and Naturalization Service, demanded payment in full of the bonds by the surety. Whereupon, appellants filed this proceeding for declara-

1. This bill was originally introduced on August 25, 1950, but expired upon termination of the 81st Congress on Jan- uary 2, 1951. In February 1951, it was re-introduced and, as stated, was enacted into law May 21, 1952, 66 Stat. A72.

tory judgment decreeing that the departure bonds have not been breached. Upon trial, the District Court ordered the complaint dismissed on its merits. This appeal followed.

We are met, at the threshold of this appeal, with a point not raised in the District Court or by counsel here, namely, whether the complaint should be dismissed as a suit against the United States to which it has not consented. This is the sort of jurisdictional question which may be raised at any time, either by the parties or by the court *sua sponte*.

Adler v. Brownell, 1957, 100 U.S. App.D.C. 55, 242 F.2d 28, makes it clear that the suit here "is in effect one against the United States to which it has neither been made a party nor consented." Judgment against appellants will be vacated and the case remanded for dismissal of the complaint for lack of jurisdiction. It is so ordered.

Judgment vacated and case remanded.