**Tom D. HALL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6198.**

United States Court of Appeals
Tenth Circuit.

Dec. 30, 1959.

---

Derwood Knight, Albuquerque, N. M., (William J. Sullivan, Albuquerque, N. M., was with him on the brief), for appellant.

Sherman L. Cohn, Washington, D. C., (George Cochran, Doub, Asst. Atty. Gen., James A. Borland, Albuquerque, N. M., U. S. Atty., and Morton Hollander, Attorney, Department of Justice, Washington, D. C., were with him on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

HUXMAN, Circuit Judge.

This action was filed pursuant to the provisions of the Federal Tort Claims Act.[1] It comes to us from a summary judgment dismissing the complaint with prejudice.

The complaint, in substance, alleges that plaintiff was engaged in the cattle business in New Mexico; that at the times material herein he owned approximately 333 head of livestock; that the United States, through its Department of Agriculture, Agricultural Research Division, Animal Disease Eradication Division, and its agents and employees, was engaged in testing livestock for the disease of Brucellosis; that they tested plaintiff's herd; that the results of the tests were made known to plaintiff; that they revealed that one or more of plaintiff's cattle was suffering from the disease; and that as a result of such re-

1. 28 U.S.C.A. § 2671 et seq.

port, his herd was subject to quarantine and that a sale was made at reduced prices. The petition alleges that, in truth and in fact, the tests as aforesaid were negligently performed by the agents, servants, and employees of the defendant, and that there were, in fact, no diseased cattle in the herd of livestock of the plaintiff, and that as the direct and proximate result of the negligence aforesaid, the plaintiff Tom D. Hall, was forced to dispose of his herd of livestock at less than the fair market value, all to his damage as set forth. The court predicated its judgment of dismissal on the ground that the damage alleged resulted from the imposition or establishment of a quarantine by the United States and that liability resulting from the establishment of a quarantine was excluded from the Act.

It is doubtful if the judgment can be sustained on the ground on which the judgment was based. There is nothing in the pleadings or in the record to sustain a finding that a quarantine was established. In fact, at the time of oral argument before the court, it was conceded that no quarantine had been established. The most that can be said is that because of this alleged erroneous test, plaintiff could not sell his cattle in interstate if he desired, and was forced, as he did, to sell them locally in New Mexico. But in addition to excluding liability because of a quarantine, the Act also excludes liability because of misrepresentation.[2] If we take the literal meaning of the language of the complaint, it seeks to recover damage resulting from the negligent testing of the cattle for which there would be liability. But there is no claim that because of negligent testing these cattle suffered physical damages which made them less valuable, such as may come from the use of a noxious or poisonous substance.

We must then look beyond the literal meaning of the language to ascertain the real cause of complaint. Plaintiff's real claim is that because of the negligent manner in which these tests were made, the result showed that plaintiff's cattle were diseased; whereas, in fact, they were free from disease and that the Government misrepresented the true condition of these cattle. Plaintiff's loss came about when the Government agents misrepresented the condition of the cattle, telling him they were diseased when, in fact, they were free from disease. The claim is that this misrepresentation caused plaintiff to sell his cattle at a loss. This stated a cause of action predicated on a misrepresentation. Misrepresentation as used in the exclusionary provision of the Statute was meant to include negligent misrepresentation.[3]

A judgment which is correct on the facts of a case and under correct principles of law will not be reversed because the trial court may have based its decision on an erroneous conclusion. This has been said so many times that the opinion will not be encumbered with the citations of unnecessary decisions, all of which are to the same effect. It is our conclusion that the complaint stated a cause of action based upon misrepresentation of the condition of these cattle. By the express provision of the Act, liability therefor is excluded, and the complaint failed to state a cause of action upon which recovery could be had.

Affirmed.

---

2. 28 U.S.C.A. § 2680.

3. Jones v. United States, 2 Cir., 207 F.2d 563.