**TOWN OF AYER**

v.

**Paul LAZZARO, Regional Director, General Services Administration, et al.**

Civ. A. No. 64–693.

United States District Court
D. Massachusetts.

Oct. 14, 1964.

Paul J. Redmond, Boston, Mass., for plaintiff.

Sidney S. Cross, Boston, Mass., for defendant Loreto Tocci.

John Paul Sullivan, Asst. U. S. Atty., Boston, Mass., for defendant Paul Lazzaro.

CAFFREY, District Judge.

This is a civil action in which the plaintiff Town of Ayer seeks injunctive relief against Paul Lazzaro, Regional Director, General Services Administration; R. W. Jones, Regional Director, Utilization and Disposal Services, General Services Administration; Charles Callahan, Regional Counsel, General Services Administration; and Loreto Tocci, Sr. The respondents Lazzaro, Jones and Callahan moved for summary judgment and respondent Tocci filed a cross-claim seeking a declaratory judgment against respondents Lazzaro, Jones and Callahan. The matter came on for hearing on the motion for summary judgment and on plaintiff's and cross-claimant's prayer for a temporary restraining order.

From the pleadings on file in this case it appears that in 1941 the United States, acting by and through the Federal Works Agency, acquired title in fee to 43 acres of land located in the Town of Ayer, Massachusetts. Thereafter, wooden multiple apartment housing units were constructed on this land, primarily to accommodate families of military personnel attached to Fort Devens during World War II and subsequent thereto. This housing project, known popularly as Devencrest, was built pursuant to the Act of October 14, 1940, 54 Stat. 1125, the so-called Lanham Act. Pursuant to Public Law 176, 83d Congress, 67 Stat. 298, the Housing and Home Finance Agency (successor to Federal Works Agency) at the request of the Department of the Army transferred Devencrest to the jurisdiction of the Department of the Army in two parcels. The transfers respectively became effective on December 31, 1948 and December 21, 1953. As a result of the two transfers the Devencrest housing project came under the custody and accountability of the Department of the Army as an off-site portion of Fort Devens, Massachusetts, for the housing of military personnel as authorized by 42 U.S.C. § 1524.

On October 9, 1962 the Department of the Army reported said property for disposal to the General Services Administration as excess to further defense requirements, all pursuant to the Federal Property and Administrative Services

Act of 1949, as amended. Pursuant to the provisions of said Act, and regulations and orders promulgated thereunder, the Town of Ayer was notified by the General Services Administration on February 28, 1963 that Devencrest was surplus to the needs of the United States Government and the Town was afforded an opportunity to acquire said property.

No plan of acquisition of this property was perfected by the Town of Ayer, and on May 8, 1964 it was advertised for public sale through the medium of sealed bids to be opened on June 9, 1964. On June 9, 1964 the bids were opened and it was determined that respondent Loreto Tocci, Sr. was the highest bidder, with a bid of $225,000 for the land and the buildings thereon. His bid was accepted by the General Services Administration in a letter dated September 4, 1964, which provides that the Government must tender a deed to Mr. Tocci within sixty days from September 4.

Respondents' motion for summary judgment is based on the pleadings and the affidavit of Charles G. Callahan. It is opposed by the affidavit of Frank C. Harmon, Chairman of the Board of Selectmen of the Town of Ayer. The thrust of the Harmon affidavit is to the effect that the multiple unit apartment buildings located at Devencrest would house 300 families including a projected 750 children whose education would cause a substantial rise in the Ayer tax rate, and that if Devencrest were occupied one hundred per cent it would also constitute a health and fire hazard in the town.

The theory of the motion for summary judgment is that the instant litigation although purporting to be against three employees of the United States is in effect an unconsented-to suit against the United States, as a consequence of which this Court lacks jurisdiction to grant the relief sought. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

Plaintiff seeks to obviate the thrust of the Larson decision by the contention that the conduct involved herein comes within the first exception [1] spelled out in the Larson case, i. e., that this is a situation " * * * where the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden. His actions are *ultra vires* his authority and therefore may be made the object of specific relief." (337 U.S. 682, 689, 69 S.Ct. 1457, 1461.)

Plaintiff says that 42 U.S.C. § 1553 requires the removal of the housing located at Devencrest because it is temporary. Respondents meet this contention by pointing out (1) that no determination has even been made by the Housing Administrator that the housing involved herein is temporary and consequently Section 1553 does not apply, and (2) that the property in question was transferred to the Department of the Army in the two conveyances referred to above, respectively dated December 31, 1948 and December 21, 1953, with the result that this property is exempted from the operation of Section 1553 of Title 42 by reason of the provisions of Section 1582 of Title 42 which provides in pertinent part: "The requirements of section 1553 of this title shall not apply to any temporary housing * * * (b) transferred by the Administrator to the jurisdiction of the Department of the Army * *."

■■ It appearing that the real estate involved herein does not fall within the operation of 42 U.S.C. § 1553, both because it has never been determined by the Administrator to be temporary housing and because it has been transferred to the Department of the Army pursuant to 42 U.S.C. § 1524, the action of the respondents cannot be ruled to be in excess;

1. Plaintiff's attempt to raise the second (constitutional) exception to Larson by an amendment to its complaint is so patently without foundation in fact or law as not to merit discussion.

of respondents' power under the statute, nor is it *ultra vires* their authority. Consequently plaintiff does not bring itself within the exception to the Larson decision upon which it seeks to rely, and therefore the action must be dismissed as an attempt to bring an unconsented-to suit against the United States for the purpose of enjoining action of the United States which, of course, can only act through its agents.

█ Lacking jurisdiction, as this Court does, over the action brought by the Town of Ayer against Federal officials, this Court likewise lacks jurisdiction to determine the merits of the cross-claim of Loreto Tocci, Sr. Complaint and cross-claim dismissed.