James O. VAUGHN, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. DC6552.

United States District Court
N. D. Mississippi,
Delta Division.

Sept. 15, 1966.

Brewer, Brewer & Luckett, Clarksdale, Miss., for plaintiff.

H. M. Ray, U. S. Atty., Oxford, Miss., for defendant.

## OPINION OF THE COURT

CLAYTON, Chief Judge.

Plaintiff seeks to recover damages from the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 (b), 2171 et seq., for personal injuries he claims were sustained on November 9, 1963, when the bucket of the dragline which he was operating as an employee of Vaughn & Black, contractors, struck a 30-inch natural gas pipeline. Plaintiff's employers had contracted with the Soil Conservation Service, United States Department of Agriculture, to construct certain channel improvements on the Beartail Creek and its tributary, Buttermilk Creek, in Tate County,. Mississippi. The injury is said to have occurred while the plaintiff was working for his employers on this particular job.

A location map, consisting of five separate drawings, which was prepared by the Soil Conservation Service in 1962, was a part of the contract between Vaughn & Black and the United States. A copy of the plan and location map was attached to and made a part of the complaint. These documents showed that the gas pipeline was located to the southeast of the work area covered by the contract.

Plaintiff's only allegations of negligence [1] are in essence that the plans and drawings failed to show that the gas pipeline was within the area in which the work undertaken pursuant to this contract was to be done and in a failure on the part of defendant to advise Vaughn & Black and their employees before and in the course of construction of the actual location of said pipeline.

---

1. Plaintiff charges that the said location map and drawing, copy of which is attached hereto as Exhibit "A", was misleading and erroneous in that it failed to properly locate the works of construction of Buttermilk Creek, particularly in the vicinity and neighborhood of America Louisiana Pipeline Company's pipeline and failed to advise all interested persons, including plaintiff's employers and plaintiff himself, of the location of American Louisiana Pipeline Company's pipeline in the area of the proposed construction on Buttermilk Creek. Plaintiff charges that other plans and specifications were likewise misleading and erroneous.

Plaintiff charges that the said accident was the result of the negligent acts and

Defendant moved to dismiss for failure of the complaint to state a cause of action upon which relief could be granted and upon the basis that defendant has not consented to be sued upon the claims made in the complaint.

Defendant's basic theory is that the claim is bottomed on misrepresentation or negligent misrepresentation, and that such an action is excluded from the Federal Tort Claims Act by 28 U.S.C. § 2680. In response to defendant's brief advancing its theory, plaintiff argues that the action is based, not on misrepresentation, but on the negligent breach of a duty to warn of the existence of a dangerous condition.

In reply, defendant cited many cases analogous to the one at bar and in addition filed copies of the contracts and specifications and an affidavit of the project engineer showing, inter alia, that although the location of the pipeline was misrepresented on the plans, its actual location was below the lowest elevation of the planned cut, so that the sole cause of the injury was plaintiff's negligent failure to follow the plans. With these materials, defendant suggested that its motion might be treated as one for summary judgment under the provisions of Rules 12(b) and 56, Federal Rules of Civil Procedure. Accordingly, plaintiff was then given reasonable opportunity to submit evidentiary materials cognizable under Rule 56, if he desired to do so. However, no counter-affidavits or other evidentiary materials were filed by plaintiff, but he did file another brief which in effect restated his previous arguments but also suggested that plaintiff's case was entirely different from the case stated in the complaint. But with the view taken by this court with respect to the issues properly tendered, it is not necessary to consider the evidentiary materials offered by defendant, and plaintiff will have opportunity to present, for such later consideration as may be proper, the claim which is so different from the claims advanced in the complaint which is now before the court.

The Federal Tort Claims Act is a waiver of the sovereign immunity of the United States, but there are certain well defined exceptions with respect to which such waiver does not apply. In 28 U.S.C. § 2680, it is stated that:

The provisions of this chapter and section 1346(b) of this title shall not apply to * * *

(h) Any claim arising out of * * * misrepresentation, deceit, or interference with contract rights.

One of the leading cases under this exception is Jones v. United States, 207 F.2d 563 (2nd Cir. 1953) cert. denied, 347 U.S. 921, 74 S.Ct. 518, 98 L.Ed. 1075, which involved a statement issued to plaintiffs by the U. S. Geological Survey, which erroneously estimated the oil producing capacity of certain land. In reliance upon that statement, plaintiffs sold securities representing oil and gas rights in the land for less than their actual value, and later sought to recoup their loss from the government under a complaint alleging negligent misrepresenta-

omissions of the United States Soil Conservation Service, Department of Agriculture, through employees acting within the scope of their offices and employment, in the failure to properly designate and show on the construction plans and drawings particularly on Exhibit "A" attached hereto, the working areas in relation to American Louisiana Pipeline Company's main gas pipeline at the point of its crossing the said Buttermilk Creek in Tate County, Mississippi, and in the failure of said employees to advise Vaughn & Black and their employees, particularly plaintiff herein, prior to and in the course of construction, of the actual location and proximity of American Louisiana Pipeline Company's said main pipeline.

As a direct and proximate result of the negligent acts and omissions aforesaid the accident and explosion occurred with such great force and violence that plaintiff was blown completely out of his seat in the cab of the dragline, completely out of the door and onto the steel tracks and rendered immediately unconscious for an undetermined length of time, causing injuries and disabilities and losses to plaintiff hereinafter more fully enumerated.

tion. The court held that the exception was an absolute defense, stating that 28 U.S.C. § 2680(h) applied both to "misrepresentation" and to "deceit". It was further emphasized that "misrepresentation meant negligent misrepresentation". In National Manufacturing Company, et al. v. United States, 210 F.2d 263 (8th Cir. 1954), cert. denied, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108, where plaintiff claimed that certain government employees "carelessly and negligently disseminated misinformation respecting the course and action of the flood waters;" that "as a direct result of negligent assurances" the plaintiffs " 'were misinformed'; and that the employees negligently and carelessly assured the plaintiffs that the river would not overflow." It was declared that the alleged negligent dissemination of misinformation constituted a misrepresentation within the meaning of section 2680(h) and dismissed the case against the government. Those two cases and Clark v. United States, 218 F.2d 446 (9th Cir. 1954); Miller Harness Co. v. United States, 241 F.2d 781 (2nd Cir. 1957); Anglo-American and Overseas Corp. v. United States, 242 F.2d 236 (2nd Cir. 1957) and Hall v. United States, 274 F.2d 69 (10th Cir. 1959), all of the same purport, were reviewed and approved by the Supreme Court in United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), in which the purchaser of a home, the loan for which was insured by the Federal Housing Administration, claimed that a negligent appraisal by the F. H. A. resulted in payment of more for the home than it was worth. After the purchase serious cracks had appeared in the walls and ceiling. In reviewing the aforementioned cases, the court in *Neustadt*, stated:

Throughout this line of decisions, the argument has been made by plaintiffs, and consistently rejected by the courts, until this case, that the bar of § 2680(h) does not apply when the gist of the claim lies in *negligence* underlying the inaccurate representation, i. e., when the claim is phrased as one

"arising out of" negligence rather than "misrepresentation." But this argument, as was forcefully demonstrated by the Tenth Circuit in Hall v. United States, [274 F.2d 69] supra, is nothing more than an attempt to circumvent § 2680(h) by denying that it applies to negligent misrepresentation. In the *Hall* case, it was alleged that agents of the Department of Agriculture had negligently inspected the plaintiff's cattle and, as a result, mistakenly reported that the cattle were diseased. Relying upon that report, plaintiff sold the cattle at less than their fair value, and sought recovery from the Government of his loss on the ground that it had been caused by the negligent inspection underlying the agents' report, rather than by the report itself. The Tenth Circuit rejected the claim, stating:

"We must then look beyond the literal meaning of the language to ascertain the real cause of complaint. * * * Plaintiff's loss came about when the Government agents misrepresented the condition of the cattle, telling him they were diseased when, in fact, they were free from disease. * * * This stated a cause of action predicated on a misrepresentation. Misrepresentation as used in the exclusionary provision [of § 2680(h)] was meant to include negligent misrepresentation. 274 F. 2d, at 71."

In the instant case, the Fourth Circuit took the opposite view, and held that respondents could recover on the sole basis of the underlying negligence. * * *

To say, as the Fourth Circuit did, that a claim arises out of "negligence," rather than "misrepresentation", when the loss suffered by the injured party is caused by the breach of a "specific duty" owed by the Government to him, i. e., the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs, is only to state

the traditional and commonly understood legal definition of the tort of "negligent misrepresentation," as is clearly, if not conclusively, shown by the authorities set forth in the margin, and which there is every reason to believe Congress had in mind when it placed the word "misrepresentation" before the word "deceit" in § 2680(h).

Other later decisions to the same effect are Steinmasel v. United States, 202 F. Supp. 335 (D.S.D.1962) (claims based on alleged negligence of V. A. employees in advising veteran that he would be granted extension of time for starting educational program and in failing to properly advise veteran on the law.); Bartie v. United States, 216 F.Supp. 10 (D.C.La. 1963) affirmed 326 F.2d 754 (5th Cir. 1964) cert. denied 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (alleged negligent failure of Weather Bureau to give adequate warning concerning nature of hurricane); and Smith v. United States, 333 F.2d 70 (10th Cir. 1964) (false statements as to adaptability of land for farming which allegedly induced plaintiffs to enter reclamation project land whereby they incurred losses and were made destitute).

This court has recently dealt with an exception under 28 U.S.C. § 2680(h), namely, that of assault and battery, in Nichols v. United States, 236 F.Supp. 260 (N.D.Miss.1964). This language from Nichols, at 236 F.Supp. 263, is pertinent here:

Plaintiffs here have cast their complaints in terms of negligence on the part of the deputy marshals in permitting their tear gas guns to go off and in the handling of this tear gas equipment. But, this was also true in *Faneca* where the complaint was also cast in terms of negligence rather than in terms of an "assault and battery." And, in the light of *Faneca*, it must be said that the applicability of the jurisdictional exclusion in 28 U.S.C. § 2680(h) cannot turn upon the artistry of the pleader. The test is not the theory upon which the plaintiff elects to proceed or how artfully the pleadings

may have been drawn. Rather, the decisive factor is whether, in substance and essence, the claim arises out of an assault and battery. Here, as in *Faneca*, the essence of the complaint in each of these three cases is assault and battery and calling it by some other name cannot change its true character.

Plaintiff, in substance, contends that the misrepresentation exception has been limited to transactions of a commercial or financial nature, but it is to be noted that the court, in *Neustadt*, relied, among others, upon the case of National Manufacturing Company, et al. v. United States, supra, in which it was held that claims for damages resulting from misinformation about weather and floods were based upon "misrepresentation" within the meaning of the exception with which we are concerned here. Moreover, Clark v. United States, supra, also dealt with in *Neustadt*, involved damage to personal property by flood waters and the negligent misrepresentation exception was there applied to deny relief to the plaintiffs. And, in Bartie v. United States, supra, which was an action for wrongful death, it was held that claimed negligent failure of the Weather Bureau to give adequate warnings of a hurricane constituted a claim arising out of misrepresentation within the meaning of this statutory exception.

As has been said, plaintiff has cast his complaint by the very language in which it is stated in terms of negligence on the part of employees of the United States in failing to properly show on the plans and drawings the work area in relation to the pipeline and in failing to advise the contractor and the employees of the contractor of the location of the pipeline in relation to the work area. The basis of the claim is that of negligent misrepresentation to the effect that the pipeline did not cross within the work area, when, in fact, it did. It follows that plaintiff's claim is one "arising out of misrepresentation" within the meaning of 28 U.S.C. § 2680(h), and hence may not be maintained under the Tort Claims Act.

If plaintiff's claim is different from the one which he advances in his complaint, as is suggested in his brief, that claim is not now before the court, but plaintiff will be given an opportunity to assert it, if he cares to do so.

Consistently with this opinion, an order will be entered sustaining the motion to dismiss and dismissing the complaint. But, plaintiff will be given leave to amend within thirty days of said order.