**Sharon L. DE LANGE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21212.**

United States Court of Appeals
Ninth Circuit.

Feb. 9, 1967.

Michael I. Greer, of Bear, Gelfand, Greer & Bauer, San Diego, Cal., for appellant.

Barefoot Sanders, Asst. Atty. Gen., Morton Hollander, John C. Eldridge, Alan S. Rosenthal, Attys., Dept. of Justice, Washington, D. C., Edwin L. Miller, U. S. Atty., San Diego, Cal. for appellee.

Before BARNES and JERTBERG, Circuit Judges, and MUECKE, District Judge.

PER CURIAM.

We affirm the judgment below; holding that the communicated diagnosis was a representation. (Hall v. United States, 274 F.2d 69 (10th Cir. 1959).) An incorrect representation is "misrepresentation" within the meaning of the statute (28 U.S.C.A. §§ 2674 and 2680(h)), whether wilful or based upon negligence in ascertaining the facts represented. (United States v. Neustadt, 366 U.S. 696, 702, 81 S.Ct. 1294, 6 L.Ed. 2d 614 (1961).) Cf. Hungerford v. United States, 307 F.2d 99, 102 (9th Cir. 1962). The appellant would not have undertaken to be examined, but for her employment. Her exclusive remedy is to seek relief for Workmen's Compensation benefits. 5 U.S.C.A. § 8101 et seq.; § 8171–8173; and 33 U.S.C.A. § 901 et seq.