**WESTERN STEEL BUILDINGS, INC., a Colorado corporation; B & C Steel Corporation, a Nebraska corporation, Plaintiffs,**

v.

**Robert W. ADAMS; Donald D. Ryan; Leonard J. Walker; United States of America; Nelson, Haley, Patterson and Quirk, Inc.; Penn Metal Company, Inc.; Joseph F. Herrick, Jr.; Wallace Ashby; W. V. Hukill and Alfred D. Edgar, Defendants.**

**Civ. A. 67–C–583.**

United States District Court
D. Colorado.

April 18, 1968.

James L. Treece, Denver, Colo., for plaintiffs. Thomas E. McCarthy and R. W. Sullivan, Denver, Colo., and Doyle T. Johns, Jr., Fort Morgan, Colo., for defendants Robert W. Adams, Donald D. Ryan and Leonard J. Walker.

Mike Hilgers, Denver, Colo., for defendant Penn Metal Co., Inc.

Robert E. Long, Asst. U. S. Atty., Denver, Colo., for defendants United States, Joseph F. Herrick, Jr., Wallace Ashby, W. V. Hukill and Alfred D. Edgar.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

The complaint asserts jurisdiction under the provisions of the Federal Tort Claims Act, Title 28 U.S.C. § 1346(b). Answers, counterclaims, cross-claims and various motions were filed by the respective defendants, including a motion to dismiss by the United States. In considering the latter motion our attention became focused on the question of whether we have jurisdiction over the subject matter of the action. Counsel were informed and were given the opportunity to file additional briefs. Defendant United States of America moved for summary judgment. Some additional briefs were filed and the matter is now ripe for determination.

The pertinent facts are as follows. In June of 1966 the plaintiffs were employed by defendants Robert W. Adams, Donald D. Ryan and Leonard J. Walker to construct a potato storage warehouse at Wiggins, Colorado. Plaintiffs thereafter employed an architectural firm, Nelson, Haley, Patterson and Quirk, Inc., to prepare the plans and specifications for the warehouse. In designing the building the architectural firm allegedly referred to and relied upon certain stress tables contained in a 1960 publication of the Department of Agriculture, AMS–401, entitled "Pressures on Walls of Potato Storage Bins". It is further alleged that these stress tables contained erroneous data. After completion of the warehouse by the plaintiffs its walls collapsed resulting in the spoilage and loss of the potatoes stored inside. Adams, Ryan and Walker commenced an action against plaintiffs in the District Court, Morgan County, Colorado, seeking damages for breach of contract and breach of warranty of fitness. Plaintiffs filed

a third-party complaint against the United States in that action but it was dismissed by the state court on the ground that it lacked jurisdiction to determine the matter against the United States.

Plaintiffs allege in a jurisdictional statement that we have jurisdiction over the subject matter of this action pursuant to Title 28 U.S.C. § 1346(b) because the claims are against the United States for money damages for injury to property caused by the negligent and wrongful acts of Government employees acting within their scope of employment. In the statement of claim plaintiffs assert that defendants Joseph F. Herrick, Jr., Wallace Ashby, W. V. Hukill, Alfred D. Edgar and the United States expressly and impliedly warranted the correctness of the Department of Agriculture publication, AMS–401, and breached these warranties. Jurisdiction over the remaining claims of the plaintiffs is alleged to be ancillary to the claim against the Government; therefore, if the claim against the United States fails, so also do the other claims, counterclaims and cross-claims. See United States v. Acord, 209 F.2d 709 (10th Cir. 1954); Town of Ayer v. Lazzaro, 234 F.Supp. 372 (D.Mass.1964).

■ It is clear that the United States may not be sued without its consent, nor can it be estopped from asserting that an action is one against it to which it has not consented. This objection to suit can be raised at any time, either by the parties or by the Court on its own motion. Mellos v. Brownell, 102 U.S.App. D.C. 67, 250 F.2d 35 (1957).

It is our opinion that this matter falls within the exceptions to the Federal Tort Claims Act, Title 28 U.S.C. § 2680, and therefore that we do not have jurisdiction over the subject matter of the action. United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961); De Lange v. United States, 372 F.2d 134 (9th Cir. 1967); Hall v. United States, 274 F.2d 69 (10th Cir. 1959);

Jones v. United States, 207 F.2d 563 (2d Cir. 1953). Section 2680 provides in pertinent part:

The provisions of this chapter and section 1346(b) of this title shall not apply to—

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

United States v. Neustadt, supra, involved an inaccurate building appraisal by the Federal Housing Administration (FHA) which was reported to and relied on by the plaintiff, a home buyer. The appraisal was made to determine the availability of FHA mortgage insurance, and it induced the buyer to pay a purchase price in excess of the property's fair market value. The Supreme Court held that the plaintiff's claim was one "arising out of misrepresentation" within the meaning of § 2680(h), and hence not actionable against the Government under the Federal Tort Claims Act. The Court's opinion makes it clear that § 2680(h) "comprehends claims arising out of negligent, as well as wilful, misrepresentation."

■ Camouflage removed, the complaint before us is really addressed to the alleged negligent misrepresentation on the part of the United States and its employees. Assuming the plaintiffs' allegations are true, their claim is that because of the erroneous representations in the Department of Agriculture publication, AMS–401, concerning the pressures on the walls of potato storage bins, the walls of the warehouse constructed by plaintiffs collapsed and proximately caused the loss of the potatoes stored therein. Plaintiffs are unable to allege that the research conducted by the Government employees which culminated in release of publication AMS–401 negligently caused the collapse of the walls of the warehouse built by them. We must dismiss the complaint

and cause of action since claims arising out of misrepresentation are excepted from the jurisdiction accorded the Court by Title 28 U.S.C. § 1346(b). It is therefore

Ordered that the motion for summary judgment by the defendant United States of America be and hereby is granted; and the complaint and cause of action as they relate to defendant United States of America are hereby dismissed.

Having dismissed the United States from this action, we must also dismiss the complaint as to the other parties. There is not complete diversity of citizenship between plaintiffs and defendants and no other jurisdictional grounds have been alleged. It is therefore further

Ordered that the complaint be and hereby is dismissed.