Billie **MATTHEWS** and William R. Matthews, Plaintiffs-Appellants,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 71–2288.

United States Court of Appeals, Fifth Circuit.

Feb. 10, 1972.

James L. Branton, Carter, Callender & Branton, San Antonio, Tex., for plaintiffs-appellants.

Seagal V. Wheatley, U. S. Atty., Hugh P. Shovlin, Asst. U. S. Atty., William S. Sessions, U. S. Atty., San Antonio, Tex., James P. Klapps, Atty., Dept. of Justice, for defendant-appellee.

Before TUTTLE, GEWIN and GOLDBERG, Circuit Judges.

GEWIN, Circuit Judge:

Billie Matthews and William R. Matthews brought this action under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. § 1346(b) [1] seeking to recover damages in the amount of $100,091.05 allegedly sustained as a result of the negligent acts or omissions of United States Air Force legal personnel at Laughlin Air Force Base on April 2, 1968. Billie Matthews is the wife and dependent of William R. Matthews, an active duty member of the United States Air Force. The United States moved to dismiss the action on the ground that it fell within the misrepresentation exception to the FTCA, 28 U.S.C.A. § 2680(h). [2] The Matthewses filed a reply to the motion and upon the submission of briefs and oral argument the district court granted the motion and dismissed the action. Except for the complaint, the motion to dismiss, briefs and the trial court's order of dismissal there is practically nothing in the record. We reverse and remand.

On April 6, 1966, Mrs. Matthews was allegedly injured in an automobile collision in the Canal Zone, Panama, involving a United States Army vehicle. Her husband was at the time stationed at Albrook Air Force Base in the Canal Zone. On April 2, 1968, the Matthewses sought the legal advice and assistance of United States Air Force legal personnel at Laughlin Air Force Base, Texas in the filing and processing of her alleged claim for the injuries and damages arising from the automobile collision. The Matthewses aver that the legal personnel advised them that Mrs. Matthews had done all that she was required to do to protect her claim.

She was not in fact protected and when an administrative claim was subsequently filed on October 2, 1968, for $100,091.05 it was denied by the United States Army because it was not filed within two years after the occurrence of the accident as required by statute. [3] Another administrative claim was filed on November 12, 1969, predicated upon "legal malpractice" of the Air Force legal personnel in negligently failing to advise Mrs. Matthews that the law required her to submit her claim within two years of the occurrence of the collision, and in advising her that she had done all that was required and that she was protected. As a proximate cause of this negligence the Matthewses claimed that Mrs. Matthews was damaged in a sum equal to the amount of damages she claims to have sustained in the automobile collision. This claim was also denied.

The gist of the action brought in the district court is the same as that of the

---

1. Section 1346(b) provides in pertinent part:

   [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

2. Section 2680(h) provides:

   The provisions of this chapter and section 1346(b) of this title shall not apply to—
   (h) Any claim arising out of . . . misrepresentation . . . .

3. 28 U.S.C.A. § 2401(b). This section was amended July 18, 1966, Pub.L. 89-506, § 7, 80 Stat. 307, however, the amendment has no effect on this case.

second administrative claim. Mrs. Matthews' complaint incorporates by reference the allegation of "legal malpractice" made in her administrative claim. Specifically, she contends that the United States acting through the Air Force legal personnel owed her a specific duty to give her legal advice and counsel and that her reliance upon the negligent and erroneous advice given resulted in her claim being barred.

In granting the motion to dismiss the district court reserved the right to file a written opinion at a later time. No opinion has been filed and no reasons have been assigned by the trial court for the dismissal.[4] The FTCA is the only basis upon which jurisdiction of this case may be grounded. Therefore, if as the United States contends, the misrepresentation exception of the FTCA, 28 U.S.C.A. § 2680(h) is applicable, the Matthewses have failed to state a claim upon which relief can be granted and the action was properly dismissed under Rule 12(b), Fed.R.Civ.P.

Notice pleadings have long been approved by the Supreme Court and that approval has been fully supplemented by numerous decisions in this circuit.[5] Under the notice pleading rule the plaintiff's complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [6] We are not prepared to say on the scant record before us and on the authorities presented that in this case there is no such "set of facts."

Both parties agree that this is the first case in which alleged negligent legal advice has been scrutinized under § 2680(h). However, other claims seemingly involving negligent advice to which the "misrepresentation" defense has been interposed have been considered by the courts. The discussion which follows should not be construed as an approval or as a rejection of any particular basis or recovery. Our discussion is intended only to consider those decisions dealing with the "misrepresentation" exception, some allowing recovery and some denying recovery, which demonstrate, in our judgment, that it was inappropriate under the present state of the record to dismiss the complaint without an opportunity to offer proof.

In United States v. Neustadt,[7] The Supreme Court rejected the Fourth Circuit's characterization of an excessive appraisal by an official of the Federal Housing Administration as negligent conduct rather than as a misrepresentation. The Court viewed the duty upon which the Fourth Circuit had found negligent conduct as a classic statement of the "traditional and commonly understood" definition of negligent misrepresentation:

> [T]he duty to use due care in obtaining and communicating information upon which [the injured party] may reasonably be expected to rely in the conduct of his economic affairs . . .[8]

In a footnote, citing Dean Prosser, the Court noted that "many familiar forms

---

4. Although neither the motion nor the judgment of the district court mentions a procedural rule, it is presumed that the motion was predicated on Rule 12(b), Fed.R.Civ.P. Rule 52(a), Fed.R.Civ.P. does not require findings of fact and conclusions of law on decisions of motions under Rule 12.

5. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 21 L.Ed.2d 80 (1957); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed. 2d 652 [1972]; *accord, e. g.,* Mills v. Birmingham Bd. of Educ., 449 F.2d 902 (5th Cir. 1971) [1971]; Barber v. Motor Vessell "Blue Cat", 372 F.2d 626 (5th Cir. 1966).

6. 355 U.S. at 45–46, 78 S.Ct. at 102, 2 L.Ed.2d at 84.

7. 366 U.S. 696, 181 S.Ct. 1294, 6 L.Ed.2d 614 (1961).

8. *Id.* at 706–07, 81 S.Ct. at 1300, 6 L.Ed. 2d at 621.

of negligent conduct may be said to involve an element of 'misrepresentation' in the generic sense of the word", but that as a distinct tort misrepresentation has been confined " 'very largely to the invasion of interests of a financial or commercial character, in the course of business dealings.' " [9]

Both prior to and since *Neustadt* the lower federal courts have found a variety of representations to be within the exception of § 2680(h). These cases have considered advice of Veterans Administration officials causing a plaintiff to lose veterans benefits; [10] negligent testing of livestock resulting in a false report that they were diseased; [11] negligent examination of and failure to reject adulterated imported tomato paste; [12] negligence of Soil Conservation Service in preparing a map which resulted in plaintiff's drag line striking natural gas pipeline; [13] and negligence of government employees in forecasting and warning of impending floods. [14]

Despite the apparent broad application of the misrepresentation exception, there are two principal areas involving representations by employees of the United States, which proximately caused injury to the person to whom the representation was made, where recovery has been permitted: (a) certain medical malpractice cases, and (b) negligent flight information cases. The medical malpractice cases hold that a communicated diagnosis, with nothing more, is within the § 2680(h) exception; but the decisions reach an opposite result when the physician is under a duty to proceed further and treat the patient. [15] Recovery has been permitted under the theory that there was a breach of the duty to render proper treatment. The flight information cases, generally involving Federal Aviation Administration (FAA) air controllers, avoid the misrepresentation exclusion largely by viewing the air controller's advice as an "operational task" rather than as a misrepresentation. [16]

9. *Id.* at 711 n. 26, 81 S.Ct. at 1303, 6 L.Ed. 2d at 624 n. 26.

10. Steinmasel v. United States, 202 F. Supp. 335 (D.S.D.1962).

11. Hall v. United States, 274 F.2d 69 (10th Cir. 1959).

12. Anglo-American and Overseas Corp. v. United States, 144 F.Supp. 635 (S.D.N.Y. 1956), aff'd, 242 F.2d 236 (6th Cir. 1957).

13. Vaughn v. United States, 259 F.Supp. 286 (N.D.Miss.1966) ; *accord,* DeBardeleben Marine Corp. v. United States, 451 F.2d 140 (5th Cir. 1971) [1971] (dictum).

14. Nat'l Mfg. Co. v. United States, 210 F.2d 263 (8th Cir.), cert. denied, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108 (1954).

15. DeLange v. United States, 372 F.2d 134 (9th Cir. 1967) (communicated diagnosis held to be a representation within § 2680(h) misrepresentation exception) ; Beech v. United States, 345 F.2d 872 (5th Cir. 1965) (where duty not only to communicate diagnosis but treat as well § 2680(h) not applicable; Hungerford v. United States, 307 F.2d 99 (9th Cir. 1962) (§ 2680(h) not applicable where United States had duty to treat as well as communicate diagnosis).

16. *See* Sullivan v. United States, 299 F. Supp. 621 (N.D.Ala.1968), aff'd, 411 F.2d 794 (5th Cir. 1969) (preparation and circulation of flight chart an "operational task" rather than negligent misrepresentation) ; Ingham v. Eastern Air Lines, Inc., 373 F.2d 227 (2d Cir.), cert. denied, 389 U.S. 931, 88 S.Ct. 295, 19 L.Ed.2d 292 (1967) (FAA controller's failure to inform incoming aircraft in violation of FAA directive that visibility had changed an "operational task" rather than negligent misrepresentation) ; United Air Lines v. Wiener, 335 F.2d 379 (9th Cir. 1963), cert. dismissed, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964) (failure of Air Force to make study of commercial passenger air traffic an "operational task", hence not within § 2680(h) misrepresentation exception). *See also* Wenninger v. United States, 234 F.Supp. 499 (D.Del.1964), aff'd, 352 F.2d 523 (3d Cir. 1965) (dictum). In Hartz v. United States, 387 F.2d 870 (5th Cir. 1968),

We wish to make it clear that we make no decision on the merits. We only hold that under the notice pleadings rule and the cases cited herein the Matthewses could conceivably establish such facts and circumstances which would permit recovery. Of course, it is also possible that upon a development of the facts their claim may be found to be barred by § 2680(h). At this time we are not informed of all the circumstances under which the legal advice was sought or given, *e. g.*, whether military personnel on active duty at the Air Force base in question were specifically instructed or encouraged to present such claims to base legal personnel, whether legal personnel had been instructed to complete and file administrative claims or to thoroughly assist persons seeking help in obtaining competent legal aid.

In our view there can be no adequate resolution of the issue here presented without some knowledge of the factual circumstances surrounding the alleged negligent conduct of Air Force legal personnel. To take all of the allegations of the Matthews complaint, which are deemed to be admitted on a motion to dismiss, and summarily characterize them as nothing more than a "misrepresentation" as contemplated by the statute is much too narrow a construction in our judgment. This case illustrates the wisdom of the legal maxim that "Out of the facts the law arises."

In view of the foregoing, we conclude that the Matthewses are entitled to an opportunity to offer proof. The judgment of the district court is reversed and the case is remanded for further proceedings consistent herewith.

Reversed and remanded.

recovery under the FTCA was permitted where the only negligence alleged was an insufficient warning for take off given by an FAA controller. The United States apparently did not raise the misrepresentation exception.