**Clyde FITCH and Sharon Fitch,
Plaintiffs-Appellees,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

**No. 74–1700.**

United States Court of Appeals,
Sixth Circuit.

April 15, 1975.

---

William W. Milligan, U. S. Atty., Columbus, Ohio, William Kanter, Stanton Koppel, Carla A. Hills, Asst. Atty. Gen., Richard A. Olderman, Morton Hollander, Dept. of Justice, Washington, D. C., for defendant-appellant.

Frank J. Neff, Barkan, Barkan & Neff, Columbus, Ohio, for plaintiffs-appellees.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from an award under the Federal Tort Claims Act. The District Court ordered the United States to pay Appellees $31,661 in compensatory

and punitive damages for wrongfully inducting Clyde Fitch into the Armed Forces. The United States argues that two exceptions to the Act apply, that Appellee Clyde Fitch was contributorily negligent, and that an award of damages is inappropriate even if liability is found. Because we find that the misrepresentation exception to the Act bars liability, we reverse.

In November 1969, a national lottery was held to determine the order in which young men would be drafted into the Armed Forces. Clyde Fitch received number 309, which should have guaranteed that he not be drafted. An error at Local Board 69 in Inez, Kentucky resulted in transcription of his number as 132. Eligible men with this number were inducted. Clyde Fitch received his induction notice and, after losing an appeal based on his wife's pregnancy and financial hardship, he reported for active duty on July 13, 1970. While stationed in Viet Nam, on July 9, 1971, Fitch was informed by an Army sergeant that his induction had been a mistake because of the erroneous assignment of his lottery number. Three months later he was discharged from active duty. Fitch was not relieved of his military obligations, however, because he was induced by Army personnel to sign an Army Reserves agreement.

The District Court held that the erroneous assignment of Fitch's lottery number established the United States' liability under the Federal Tort Claims Act, 28 U.S.C. § 2674. It assessed $11,661 in damages representing lost wages. It also held that Appellees had established "a right to punitive damages and such damages are assessed at $20,000." Finally, the District Court stated that Fitch's Reserve agreement "was obtained by misrepresentation" and held that the agreement "is void and [Fitch] is hereby relieved of the obligations thereof."

We agree with the District Court that just as citizen owes Government an obligation to aid in its defense, so Government owes citizen the duty of fair, equitable, and just treatment. While we sympathize with Appellees' plight and cannot condone the negligence which caused Clyde Fitch's induction, we must reverse the award because the District Court acted beyond the authority Congress has given it.

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq., is a broad waiver of the federal government's immunity from liability for the torts of its employees while acting in the scope of their employment. The Act contains various exceptions, however,[1] and in construing the Act the courts must "carry out the legislative purpose of allowing suits against the Government for negligence with due regard for the statutory exceptions to that policy." Dalehite v. United States, 346 U.S. 15, 31, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1953).

Under 28 U.S.C. § 2680(h), Congress has chosen not to allow the courts to consider "any claim arising out of . . . misrepresentation." We must construe this term according to "the traditional and commonly understood legal definition of the tort." United States v. Neustadt, 366 U.S. 696, 706, 81 S.Ct. 1294, 1300, 6 L.Ed.2d 614 (1961). It is settled that this exception includes claims arising out of negligent as well as intentional misrepresentation. *Neustadt.*

Although Appellees cast their complaint in the guise of a negligence action, this does not automatically take the case outside the misrepresentation exception. Courts must "look beyond the literal meaning of the language to ascertain the real cause of complaint." Hall v. United States, 274 F.2d 69, 71 (10th Cir. 1959), *quoted with approval* United States v. Neustadt, 366 U.S. at 703, 81 S.Ct. 1294.

In *Hall*, the plaintiff sold his cattle at a market loss after Government inspectors mistakenly reported that his cattle were diseased. Hall argued that the inspectors' negligent testing rather

1. *See* 28 U.S.C. § 2680 (1970).

than the erroneous report had caused his loss and sued the United States under the Act. The Tenth Circuit rejected this attempt to avoid the misrepresentation exception, stating:

> Plaintiff's loss came about when the Government agents misrepresented the condition of the cattle, telling him they were diseased when, in fact, they were free from disease. . . .
> This stated a cause of action predicated on a misrepresentation. 274 F.2d at 71.

As in *Hall*,[2] Appellees' complaint "arose out of" a negligent misrepresentation. It occurred when Government agents misrepresented Clyde Fitch's obligation to enter the Army, telling him that he was required to serve when, in fact, he was free from that duty. We are under the same obligation to dismiss the complaint as the Supreme Court recognized in *Neustadt*:

> While we do not condone carelessness by government employees in gathering and promulgating such information,

neither can we justifiably ignore the plain words Congress has used in limiting the scope of the Government's tort liability. 366 U.S. at 710–11, 81 S.Ct. at 1302.

■ Because of our holding, we need not address Appellant's other contentions. We note, however, that the District Court awarded punitive damages in contravention of the explicit bar of punitive awards stated in 28 U.S.C. § 2674. We point out, furthermore, that the District Court had no jurisdiction to relieve Clyde Fitch of his Reserve obligations, recognizing as it did that his Reserve agreement "was obtained by misrerpresentation."[3] Finally, we observe that our action dismisses Appellees' complaint for lack of jurisdiction and does not jeopardize their opportunity to secure compensation from Congress for the injustice that befell them.[4]

The Judgment of the District Court is reversed, with direction that an order be entered dismissing the complaint.

---

2. The Circuits have uniformly applied this analysis in barring actions which arose out of misrepresentations by Government employees. Rey v. United States, 484 F.2d 45 (5th Cir. 1973) (negligent misrepresentation that hogs were diseased, resulting in innoculations which killed several hogs); Reamer v. United States, 459 F.2d 709 (4th Cir. 1972) (misrepresentation that plaintiff could defer active duty until completion of law school semester if he enlisted, resulting in monetary loss upon earlier order to active duty); Mizokami v. United States, 414 F.2d 1375, 188 Ct.Cl. 736, (1969) (negligent misrepresentation that spinach was contaminated, resulting in harm to business); De-Lange v. United States, 372 F.2d 134 (9th Cir. 1967) (communicated misdiagnosis by physician); Vaughn v. United States, 259 F.Supp. 286 (N.D.Miss.1966) (misrepresentation of pipeline placement on Government map, resulting in explosion upon impact of plaintiff's dragline); Steinmasel v. United States, 202 F.Supp. 335 (D.S.D.1962) (misrepresentation of deadline for requesting veterans benefits, resulting in ineligibility for educational benefits); Anglo-American & Overseas Corp. v. United States, 242 F.2d 236 (2d Cir. 1957) (misrepresentation that tomato paste could be imported as in compliance with·FDA standards, resulting in destruction of goods as unsafe after their importation); National Mfg. Co. v. United States, 210 F.2d 263 (8th Cir.), cert. denied, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108

(1954) (misrepresentation of weather and flood information, resulting in property damage); Clark v. United States, 218 F.2d 446 (9th Cir. 1954) (misrepresentation of safety from flood of town built as a war project); Jones v. United States, 207 F.2d 563 (2d Cir. 1953), cert. denied, 347 U.S. 921, 74 S.Ct. 518, 98 L.Ed. 1075 (1954) (misrepresentation of amount of oil estimated to be on land, resulting in sale of stock at market loss).

3. The Federal Tort Claims Act merely authorizes damage awards for certain claimants and does not give the federal courts the right to exercise the powers of a court of equity to void agreements between the United States and private parties. 28 U.S.C. § 1346(b). We express no view on the merits of Fitch's claim that his Reserve contract was improperly obtained, as this complaint should be pressed through proper channels.

4. After the Supreme Court ordered the dismissal of the complaint in Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), for example, the aggrieved parties obtained relief by way of Congressional action. 69 Stat. 707; H.R.Rep.No.2024, 83d Cong., 2d Sess. (1954); S.Rep.No.2363, 83d Cong., 2d Sess. (1954); H.R.Rep.No.1305, 84th Cong., 1st Sess. (1955); H.R.Rep.No.1623, 84th Cong., 1st Sess (1955); S.Rep.No.684, 84th Cong., 1st Sess. (1955), cited in Laird v. Nelms, 406 U.S. 797, 802, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972).