**Harry B. SAXTON and Ruth B. Saxton, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 71–1540.**

United States Court of Appeals, Eighth Circuit.

March 17, 1972.

Harry B. and Ruth B. Saxton, pro se.

Allen L. Donielson, U. S. Atty., and John B. Grier, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

Plaintiffs' claim for damages was brought against the United States under the Federal Torts Claims Act, 28 U.S.C. §§ 2671–2680 and jurisdiction al-

leged under § 1346(b). At the close of the evidence the district court entered a judgment in favor of the government and the plaintiffs appealed. We affirm the judgment in favor of the United States, although we do not pass on the merits reached by the trial court. We find it patently clear that plaintiffs have failed to plead facts which provide a proper claim for relief against the United States under the Federal Torts Claims Act.

Plaintiffs originally purchased some cattle from the Producers Livestock Marketing Association of Omaha, Nebraska.[1] The cattle were subsequently quarantined by the State of Iowa. Thereafter employees of the United States Department of Agriculture performed certain tests to determine whether the cattle had hoof and mouth disease. Plaintiffs claimed the Department of Agriculture wrongfully ordered these testing samples quarantined and refused to disclose the detailed findings of their laboratory tests. Plaintiffs further allege that in giving notice that the cattle were *not* diseased, the government misrepresented their true condition. When the result of the government test was issued the State of Iowa lifted its earlier quarantine. Plaintiffs claimed that thereafter they were unable to sell their cattle and because the government report was in fact erroneous, they were prevented from timely treating the diseased cattle. The district court found there was no duty on the part of the defendant to furnish plaintiffs with the contents of those reports,[2] and held that plaintiffs had failed to prove any breach of duty by government officials.

The Federal Torts Claims Act provides an exclusive remedy against the government for tortious wrong. Under § 2680(h) of the Act it is provided that no recovery may arise from "[a]ny claim arising out of . . . misrepresentation, deceit, or interference with contract rights." Under these circumstances there existed no jurisdictional bases upon which the district court could have entertained plaintiffs' claim. Hall v. United States, 274 F.2d 69 (10 Cir. 1959). And see discussion and cases in Hubbard v. State, 163 N.W.2d 904 (Iowa 1969).

Plaintiffs have also asserted damages arising out of their emotional injury from the quarantining of samples taken from the cattle. This type of damage claim fails to establish a cause of action under Iowa law. See Zabron v. Cunard S. S. Co. Ltd., 151 Iowa 345, 131 N.W. 18, 20–21 (1911).[3] More germane here, however, is that a claim arising out of any "quarantine" is likewise specifically excepted from the Torts Claims Act. 28 U.S.C. § 2680(f).

We think it clear that the government has delineated the areas in which it did not intend to forfeit its immunity from suit and § 2680 specifically excludes these claims from the court's jurisdiction under § 1346(b).

Judgment affirmed.

---

1. The tort claim case was tried to the court concurrently with the jury trial of plaintiffs' claim against the Producers Livestock Marketing Association on an alleged breach of implied warranty as to the fitness of the cattle. The jury returned a verdict for the defendant. No appeal is filed from that judgment.

2. In view of our dismissal for lack of jurisdiction it is not necessary to pass on the district court's finding that plaintiffs were not entitled to the Department of Agriculture reports on the cattle. It has been held that under the Freedom of Information Act, 5 U.S.C. § 552, district courts possess the power to compel an agency to produce records. *Cf.* Wellford v. Hardin, 444 F.2d 21 (4 Cir. 1971), commented on in 85 Harv.L.Rev. 861 (Feb. 1972). However, the Act specifically exempts "investigatory files compiled for law enforcement purposes."

3. Under § 1346(b), when recovery is not otherwise barred, the liability of the government must be determined "in accordance with the law of the place where the act or omission occurred."