**Richard R. REAMER, Appellant,**

**v.**

**The UNITED STATES of America et al., Appellees.**

**No. 71–1970.**

United States Court of Appeals, Fourth Circuit.

Argued March 10, 1972.

Decided May 11, 1972.

Thomas F. Loflin, III, Durham, N. C. (Loflin, Anderson & Loflin, Durham, N. C., on brief), for appellant.

William L. Osteen, U. S. Atty. (J. Howard Coble, Asst. U. S. Atty., on brief), for appellees.

Before BRYAN, BUTZNER and RUSSELL, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

Suing in four counts premised primarily on Section 410(a) of the Federal

Tort Claims Act, 28 U.S.C. § 1346(b), with avowedly pendent contract claims, Richard B. Reamer demands damages of $22,617.00 from the United States, the United States Army, the Secretary of the Army and two Army recruiting officers. The District Court dismissed on defendants' summary judgment motions for absence of jurisdiction. We affirm.

Reamer, a citizen of North Carolina and a law student, was subject to conscription under the Selective Service Act of 1967, 50 App. USC 454. Desiring to avoid interruption of his study during the fall semester, he signed an enlistment contract on August 24, 1968, upon the representation that he would not have to report before February 1, 1969. The recruiting officers responsible for that assurance were defendants Lionel B. Wall, a Chief Warrant Officer of the Army, and Virgil S. Dominick, an Army Captain. The understanding was embodied in the enlistment agreement. Without it, Reamer was subject to service within 120 days after the August 1968 contract.

Notwithstanding, he was notified on November 25, 1968, to appear for duty on December 2, 1968. As a result, he was forced to leave law school and forfeit money he had advanced for his tuition, books and other incidental expenses. His protestations to the Army produced only a one-day extension, and on December 3, 1968, he came in for active duty.

The first count of his complaint is bottomed on allegations of both wrongful and negligent acts committed by the United States Army and by the enlistment officers as agents of the United States, in disregarding the stipulation for postponement of active duty. In the second count, Reamer pleads his claim as a wilful, knowing and wrongful breach of an express contract by the defendants, including the Secretary of the Army. Pendent jurisdiction is invoked to escape the prohibition against the District Court's entertainment of contract claims against the United States

for more than $10,000.00. 28 U.S.C. § 1346(a) (2).

The third count, an alternative to the second, pleads estoppel of the United States to deny the representations of its recruiters so as to disclaim any obligation to recognize the modification of the contract. Pendent jurisdiction is again invoked. The fourth count, offered as an alternative to all the others, charges the officers with falsely representing their authority to bind the United States. They are charged with intent to defraud plaintiff and effort is made to *hold them answerable for misleading* him in respect to the date of call. It is averred that Reamer acted to his detriment in reliance upon the avouchments of Wall and Dominick.

Plaintiff denominates defendants' behavior as a tortious breach of contract, the equivalent, he says, of a tort, remediable under the Federal Tort Claims Act. The United States classes it as a contract action not prosecutable under the FTCA. The other defendants similarly characterize the suit as to the Government, but for themselves also oppose their subjection to the jurisdiction asserted in that suit. In replication, the plaintiff rests his demands on the individuals as adjudicative through the doctrine of pendent jurisdiction under the FTCA. Perceiving no genuine issue of fact, the District Judge granted the defense dismissal motions. In this, we think, he was right.

■■ Actually, whether the plaintiff has declared in contract or tort is of no consequence. If contract, then only the Court of Claims—not the District Court —would have jurisdiction as to the United States, since the claim exceeds $10,000.00. 28 U.S.C. §§ 1346(a) (2), 1491. Nor would the District Court have cognizance of the plaintiff's claims against the individual defendants, for no ground of jurisdiction at all is offered (— e. g.,) no diversity of citizenship or Federal question.

Likewise, if the plaintiff sues in tort, his case fails. It is barred by the excep-

tion in 28 U.S.C. § 2680(h) to the FTCA's waiver of sovereign immunity. That section excludes "[a]ny claim arising out of . . . misrepresentation, [or] deceit". Reamer was enlisted, and he accepted enlistment, on the promise of a February 1969 or later induction, but this was denied him after entry upon active service. Whether negligent or wilful, no recovery can be had under the Act for this misrepresentation or deceit. United States v. Neustadt, 366 U. S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961).

For example, in Cenna v. United States, 402 F.2d 168 (3 Cir. 1968), a Government agent acting within his province contracted with the appellant for the production of plans and drawings to remedy a fault in the air conditioning system of a Federal building. Appellant performed his part of the agreement, allowing the plans to be used by the Government, yet he was not paid. Thereupon, he sued the Government for intentional or negligent tortious conversion of his work. "In either case", said the Court, "appellant would then make out a classic case of misrepresentation or deceit. [But] [t]he complaint would then be subject to dismissal as falling within the statutory exclusion of 28 U. S.C. § 2680(h)." Id. at 171 (footnotes omitted).

True, despite the failure of the primary ground, pendent jurisdiction is on occasion accepted by Federal courts. Acceptance, however, is discretionary. United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Instantly, while the District Court had the power, allowably it saw no compelling reason for appraising the plaintiff's claims against the individuals. On their own, the controversies were simply common law or "State" causes, ordinarily to be judged in the local courts.

Some considerations for determining whether to accept such disputes are "judicial economy, convenience and fairness to litigants", a test sharply explicated in *Gibbs,* supra:

"Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, Erie R. Co. v. Tompkins, 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188]. *Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties,* by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong. . . ." Id. at 726–727, 86 S.Ct. at 1139 (accent added and footnotes omitted).

With these criteria at hand, we cannot criticize the trial court for withholding decision on the merits of the claims, for they tendered only the common subjects of State-court trials.

In dismissing this action we do not bar the plaintiff from pursuing his claims in other forums. We are deciding jurisdiction of the District Court under the instant complaint, and nothing else. Whether the plaintiff may present his demands in the Court of Claims or elsewhere is not for our determination. The ruling of the trial court of no jurisdiction in this case is approved.

Affirmed.