James B. ROBINSON, Jr.

v.

UNITED STATES of America et al.

No. 76–91–NA–CV.

United States District Court,
M. D. Tennessee,
Nashville Division.

Aug. 3, 1976.

Noble E. Pepper, Hermitage, Tenn., for plaintiff.

Herbert S. Sanger, Jr., Gen. Counsel, TVA, Charles A. Wagner III, Associate Gen. Counsel, James E. Fox, Knoxville, Tenn., for the United States.

J. G. Lackey, Jr., Stephenson & Lackey, Nashville, Tenn., for Fluor Engineers & Constructors, Inc.

Hugh Gracey, Jr., Nashville, Tenn., for Pinkerton.

## MEMORANDUM

MORTON, District Judge.

This action was brought against the United States, a construction company, and a security company alleging that plaintiff, a former employee of defendant Fluor Engineers and Constructors, Inc. ("Fluor"), was assaulted by a coworker while working at the site of the Gallatin Steam Plant, operated by the Tennessee Valley Authority ("TVA"). At the time of plaintiff's alleged injury, Fluor, an independent contractor, was engaged in the installation of equipment at the Gallatin Steam Plant for TVA. Plaintiff's claim against all three defendants is premised upon the alleged negligence of each in failing to provide for and protect his personal safety while on the job.

Jurisdiction of the claims against Fluor and Pinkerton, Inc. ("Pinkerton") is grounded upon diversity of citizenship, the plaintiff being a resident of Kentucky and the defendants being incorporated in California and Delaware, respectively. Jurisdiction of the claim against the United States is grounded upon the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671, et seq. The amount in controversy is alleged to be in excess of $10,000.00.

This action is presently before the court on the motion of the United States to dismiss and on the motion of Fluor for summary judgment.

### I

### The Claim Against the United States

Plaintiff grounds his suit against the United States upon the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671, et seq., (the "Act") which provides in pertinent part that

". . . the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."
[28 U.S.C. § 1346(b)] [1]

However, Congress has limited the reach of the Act with certain well-delineated exceptions, one of which is of particular relevance to the instant suit:

"The provisions of this chapter [Chapter 171] and section 1346(b) of this title [Title 28] shall not apply to—

  *   *   *   *   *   *

(l) Any claim arising from the activities of the Tennessee Valley Authority."
[28 U.S.C. § 2680(l)]

The courts which have been faced with the question have expressly held that they have no jurisdiction under the Act over actions which arise from the activities or operations of the TVA. *Painter v. Tennessee Valley Authority*, 476 F.2d 943, 945, n. 5 (5th Cir. 1973); *Latch v. Tennessee Valley Authority*, 312 F.Supp. 1069 (N.D.Miss. 1970).

Thus in the instant case, inasmuch as it appears that the claim against the United States is based solely upon its alleged failure to provide plaintiff a safe place to work while he was performing duties at the Gallatin Steam Plant, which is under the exclusive control of the TVA,[2] this court concludes that it lacks jurisdiction under the Federal Tort Claims Act. "[No] rule is better settled than that the United States cannot be sued except when Congress has so provided." *Ickes v. Fox*, 300 U.S. 82, 96, 57 S.Ct. 412, 417, 81 L.Ed.

---

1. The above quoted section is made expressly subject to "the provisions of Chapter 171," which has been codified as 28 U.S.C. §§ 2671–2680. The provisions of the quoted section appear in abbreviated and qualified form at 28 U.S.C. § 2674.

2. *See* 16 U.S.C. § 831c(h). *See also, United States ex rel. TVA v. Pressnell*, 328 F.2d 580 (6th Cir. 1964).

525 (1937). *See also, Affiliated Ute Citizens v. United States*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972); *Andrews v. White*, 221 F.2d 790 (6th Cir. 1955); *Metropolitan Life Ins. Co. v. United States*, 107 F.2d 311 (6th Cir. 1939). "Suits against the United States can be maintained only by permission, in the manner prescribed and subject to the restrictions imposed." *Munro v. United States*, 303 U.S. 36, 41, 58 S.Ct. 421, 423, 82 L.Ed. 633 (1938). Clearly, the restrictions imposed in the Act, 28 U.S.C. § 2680(*1*), bar a suit such as the present one where the only basis for arguable liability arises from TVA activities.[3]

■ Even if the Act were applicable, it would afford no basis for relief to plaintiff in this action. By its own terms, the Act limits the liability of the United States to damages caused only by the negligent or wrongful act of an "employee of the Government," 28 U.S.C. § 1346(b), and does not extend to the negligent acts of an independent contractor or its employees for which the Government is not liable. 28 U.S.C. § 2671; *Logue v. United States*, 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973); *Grogan v. United States*, 341 F.2d 39 (6th Cir. 1965); *Gowdy v. United States*, 412 F.2d 525 (6th Cir. 1969); *Fisher v. United States*, 356 F.2d 706 (6th Cir. 1966).

Plaintiff's argument that the Pinkerton security personnel who allegedly failed to protect him from assault were employed by the United States is totally without merit. Congress has expressly forbidden such persons to be employed by the federal government:

> "An individual employed by the Pinkerton Detective Agency, or similar organization, may not be employed by the Government of the United States or the government of the District of Columbia." [5 U.S.C. § 3108]

In accordance with the foregoing discussion, plaintiff's action against the United States must be dismissed.

## II

### The Claim Against Fluor

■ As indicated above, the action against defendant Fluor is grounded upon common-law negligence, and thus is governed in a diversity action of this nature by Tennessee law. *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The law in Tennessee with respect to an employer's liability for third-party assaults on employees has been rendered somewhat unclear by the Tennessee Supreme Court's decision in *Thomas v. General Electric Co.*, 494 S.W.2d 493 (Tenn. 1973), but it seems fair to say that at least where an employer has notice of an unusual risk of assault by third persons which is unknown to his employee, the employer will be held liable to his employee for failure to warn him of the danger. *See* Note, *Employer's Liability for Third Party Assaults on Employees*, 41 Tenn.L.Rev. 375 (1974); *Thomas v. General Electric Co.*, *supra*, at 496.

■ Defendant Fluor's motion for summary judgment is based upon its contention that it had no such notice and thus is entitled as a matter of law to judgment in its favor. However, it is that very contention of fact which plaintiff most strenuously resists in pressing his claim for relief. And since it cannot be doubted that the fact over which the parties are in such obvious dispute is material to the lawsuit, summary judgment is improper under Rule 56 of the Federal Rules of Civil Procedure. *See, e. g., Green v. Volkswagen of America, Inc.*, 485 F.2d 430 (6th Cir. 1973). Accordingly, defendant Fluor's motion must be denied.

---

**3.** While plaintiff might have stated a cognizable claim against the Tennessee Valley Authority pursuant to the provisions of 16 U.S.C. § 831c(b) and 28 U.S.C. § 1337, *see e. g., Grant v. Tennessee Valley Authority*, 44 F.Supp. 589 (E.D.Tenn.1941), the TVA is not a named defendant in this lawsuit.