Jesse L. **SUMMERS et al., Plaintiffs,**

v.

**UNITED STATES of America et al., Defendant.**

Civ. A. No. M–77–1608.

United States District Court,
D. Maryland.

May 31, 1979.

Thomas E. Lloyd, Ellicott City, Md., for plaintiffs.

Charles E. Iliff, Jr., Donald L. DeVries, Jr., Semmes, Bowen & Semmes, Baltimore, Md., for Avco Corp.

Jacob B. Davis, Lechowicz & Loney, Glen Burnie, Md., for Clyde H. Parker.

Raymond J. Coughlan, Jr., Trial Atty., Aviation Unit, Dept. of Justice, Washington, D. C., Russell T. Baker, Jr., U. S. Atty., Robert P. Trout, Asst. U. S. Atty., Baltimore, Md., for the United States.

## MEMORANDUM OPINION AND ORDER

JAMES R. MILLER, Jr., District Judge.

This case comes before the court on the motion of the defendant, United States of America (hereinafter referred to as the U.S. A.), to dismiss the complaint against it, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted.

Plaintiffs' claims are founded on the Federal Tort Claims Act (F.T.C.A.), 28 U.S.C. §§ 1346, 2671 *et seq.* On or about October 11, 1975, an aircraft piloted by Jesse L. Summers, and carrying passengers Clyde H. Parker, Robert C. Miller, and Morgan H. Miller incurred an emergency landing near Buckrow Beach, Virginia, due allegedly to the failure of an exhaust valve in the aircraft's engine. According to the complaint, Paragraph 8, the engine function and power were lost and the pilot was forced to make an emergency landing. The pilot's vision was obscured because engine oil from the ruptured engine was blown over the aircraft's canopy, thus causing the pilot to run off the road upon which he was attempting his emergency landing and causing injuries to plaintiffs Summers and Miller.

Plaintiffs allege that the United States Government was negligent in the issuance of a type certificate for the said engine. Plaintiffs allege that the type certificate "implied" or "attested" to the proper and safe design of the engine. Complaint Paragraphs 10 and 12.

Plaintiffs further allege that the United States was negligent in failing to issue an airworthiness directive which would have required replacement at a time certain of the allegedly faulty exhaust valves. Complaint, Paragraph 12.

Finally, plaintiffs allege that the United States was negligent in its failure to require certain testing and design corrections with respect to the engine. Complaint Paragraph 12.

The U.S.A. advances three reasons in support of its motion to dismiss:

(1). The complaint is barred by the misrepresentation exception to the F.T.C.A. (28 U.S.C. § 2680(h)).

(2). The complaint is barred by the discretionary exception to the F.T.C.A. (28 U.S.C. § 2680(*l*)).

(3). That there was no duty to plaintiffs owed under common law or statute by the U.S.A.

### I. Misrepresentation

■ The United States is immune from suit save as Congress specifically consents to waive that immunity. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Peterson v. United States*, 428 F.2d 368 (8th Cir. 1970). When sovereign immunity is waived, Congress is permitted to specify the terms and conditions under which such suits may be brought. *Honda v. Clark*, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967); *United States v. One 1961 Red Impala Sedan*, 457 F.2d 1353 (5th Cir. 1972); *Meeker v. United States*, 435 F.2d 1219 (8th Cir. 1970); *Peterson, supra.* The Federal Tort Claims Act is a limited waiver of that immunity, and the United States may be found liable only in the manner and the degree to which it has consented. *Wright v. United States*, 568 F.2d 153, 158 (10th Cir. 1977). Certain categories of torts are excluded from coverage by 28 U.S.C. § 2680, and, as to those excluded categories of torts, the United States has not waived sovereign immunity. *See, United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). The Court lacks jurisdiction to entertain a claim so excluded. *Dalehite v. United States*, 346 U.S. 15, 24, Note 25 at 31, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); *First National Bank v. United States*, 552 F.2d 370, 374 (10th Cir. 1977), *cert. denied* 434 U.S. 835, 98 S.Ct. 122, 54 L.Ed.2d 96 (1977); *Smith v. United States*, 546 F.2d 872, 876 (10th Cir. 1976).

28 U.S.C. § 2680(h), provides that:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

\* \* \* \* \* \*

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation, deceit,* or interference with contract rights." (Emphasis added.)

■ ". . . [S]ince Congress employed both the terms 'misrepresentation' and 'deceit' in § 2680(h), it clearly meant to exclude claims arising out of negligent, as well as deliberate, misrepresentation . . ." *United States v. Neustadt*, 366 U.S. 696, 702, 81 S.Ct. 1294, 1298, 6 L.Ed.2d 614 (1961).

■ The issue presented here is whether the conduct alleged in the complaint should be classified as simply "negligence" in which event coverage would be afforded under the FTCA, or "misrepresentation" in which event coverage would not be so afforded. The court has concluded that the proper classification is as "misrepresentation."

The plaintiffs are not complaining of injuries to them directly resulting from the USA's alleged negligent certification of the engine without any intervening or concurring acts of others. Rather, plaintiffs contend that their injuries were sustained because they relied upon the government's certification concerning the airworthiness of the engine. The alleged negligence of the inspection and testing of the engine is merely secondary, for it is the alleged negligent misrepresentation of the airworthiness of the engine which is the gravamen of the plaintiffs' claim.[1]

The case law supports the court's decision on this issue. In *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), the Supreme Court reversed the Fourth Circuit Court of Appeals and held the government immune, under the misrepresentation exception of the FTCA, from

---

1. For an excellent discussion of this negligence—misrepresentation issue in a similar factual setting see *Marival Inc. v. Planes*, 306 F.Supp. 855, 858 (N.D.Ga.1969).

liability for negligent FHA inspection of a house which plaintiffs allegedly relied upon in paying a price in excess of its fair market value. In *Irick v. United States*, No. 75–1824 (4th Cir. March 2, 1976),[2] a housing inspection case involving personal injury, the Fourth Circuit reiterated that the *Neustadt* rationale controlled actions in which federal government inspections are sought to form the basis for liability under the F.T.C.A. In very similar cases involving aircraft crashes and alleged negligent inspections of said aircraft several courts have ruled that the complaints were barred by the "misrepresentation" exception to the FTCA. *Lloyd v. Cessna Aircraft Co.*, 429 F.Supp. 181 (E.D.Tenn.1977); *Marival Inc. v. Planes, Inc.*, 306 F.Supp. 855 (N.D.Ga. 1969). *See also, Clemente v. United States*, 567 F.2d 1140 (1st Cir. 1978), *cert. denied* 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978).

The cases cited by the defendants are distinguishable. While there are some areas where the USA, having assumed responsibility for providing an operational service, has an obligation to perform that service with due care,[3] the present case does not fit within the limited scope of that concept. No operational service was being performed by the USA under the allegations of the complaint here, merely an inspection and a certification based thereon. *Compare, United States v. Neustädt*, 336 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961) (negligent housing inspection by the FHA—no liability); *Clemente v. United States*, 567 F.2d 1140 (1st Cir. 1978) (failure of FAA to inspect "suspect" type aircraft which was overweight and lacked proper crew—no liability); and *Lloyd v. Cessna Aircraft*, 429 F.Supp. 181 (E.D.Tenn.1977) (negligent issuance of airworthy certificate by FAA—no liability) *with, Rayonier v. United States*, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957) (USA held liable for damages caused by negligent fire-fighting of its employees); *Indian Towing Co. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (USA held liable for negligent operation of a lighthouse); and *United Air Lines v. Wiener*, 335 F.2d 379 (9th Cir. 1964), *cert. dismissed*, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (USA found negligent in not warning commercial pilots that Air Force was conducting instrument landing practices, as required by Air Force regulations).

Plaintiffs have cited no case, nor has the court found one, in which the USA was found liable for negligent inspection and testing pursuant to government regulations. The court concludes that the rationale of *Lloyd v. Cessna Aircraft Co.*, 429 F.Supp. 181 (E.D.Tenn.1977) and *Marival Inc. v. Planes, Inc.*, 306 F.Supp. 855 (N.D. Ga.1969) governs the facts presented here and that the misrepresentation exception of 28 U.S.C. § 2680(h) of the F.T.C.A. bars the present action.

Because of the above decision a discussion of the other contentions of the USA is unnecessary.

It is this 31st day of May, 1979, by the United States District Court for the District of Maryland, ORDERED,

1. That the Motion to Dismiss filed by the United States is GRANTED.

---

**2.** Unpublished opinion. A copy is attached to the government's motion to dismiss. (Paper No. 25).

**3.** *Rayonier Inc. v. United States*, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957) (negligence on the part of firefighter); *Indian Towing Co. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1956) (failure of duty to warn of non-operation of lighthouse; *United Air Lines v. Weiner*, 335 F.2d 379, 398 (9th Cir. 1964) (failure of a duty to warn of hazard caused by air force operations).