976 F.2d 724
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ronlad MULLENS, et al., Plaintiffs, Appellants,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 92-1300.
 United States Court of Appeals,
First Circuit.
 October 2, 1992
 
 Appeal from the United States District Court for the District of Maine
 Terrence M. Narrigan, with whom Vafiades, Brountas & Kominsky, were on brief for appellants.
 Mark W. Pennak, with whom Stuart M. Gerson, Assistant Attorney General, and Richard S. Cohen, United States Attorney, were on brief for appellee.
 D.Maine
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 In June, 1988, appellants bought a home from the Farmers' Home Administration (the "FHA"). Appellants allege that (1) under 42 U.S.C. § 4822 et seq. and 7 C.F.R. Subpart A, the FHA had a duty to inspect appellants' home for lead paint and to notify appellants if any existed; and (2) that the FHA failed to do so. They further allege that as a result, their daughter ingested lead paint in the home, and consequently, suffered from lead poisoning.
 
 
 2
 Pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671, et seq., appellants brought suit against the FHA claiming, among other things, negligence and negligent misrepresentation. The district court granted the FHA's motion to dismiss for lack of subject matter jurisdiction. We affirm that decision.
 
 
 3
 The FTCA confers jurisdiction on the federal district courts over certain tort claims against the federal government. However, it excludes "any claim arising out of misrepresentation." 28 U.S.C. § 2680(h). Thus, the federal district courts have no jurisdiction over misrepresentation claims against the United States. Under United States v. Neustadt, 366 U.S. 696, 703-04 (1960) (quoting Hall v. United States, 274 F.2d 69, 71 (10th Cir. 1959)), the misrepresentation exclusion includes negligent misrepresentations.
 
 
 4
 Appellants essentially claimed that the FHA's failure to warn them about the lead paint in their home was negligent. Their harm arose because they relied on the absence of a warning that the lead paint existed. Although appellants presented these allegations as a negligence claim, in substance, they have alleged a negligent misrepresentation claim. Neustadt, 366 U.S. at 706. Thus, the district court had no subject matter jurisdiction.
 
 
 5
 Affirmed.