Irving v. USA                      CV-81-501-M    03/13/96
                 UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Gail Merchant Irving,
      Plaintiff,

      v.                                        Civil No. 81-501-M

United States of America,
      Defendant.


                              O R D E R


      Plaintiff, Gail Irving, sues defendant, the United States,

under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b),

2671-2680, seeking damages for injuries she suffered in a

workplace accident.  The government moves to dismiss Irving's

complaint for lack of subject matter jurisdiction, Fed. R. Civ.

P. 12(b)(1), and for failure to state a claim upon which relief

can be granted, Fed. R. Civ. P. 12(b)(6).  For the reasons

discussed below, the government's motion is denied.


I.    PROCEDURAL AND FACTUAL BACKGROUND

      The Court of Appeals for the First Circuit has remanded this

case for a trial de novo.  Irving v. United States, 49 F.3d 830,

837 (1st Cir. 1995) ("Irving II").  Consistent with the First

Circuit's mandate and with the express consent of the parties,

the court has proceeded on the current record, supplemented by oral argument. Before moving to the merits of the case, however, the court must consider the government's potentially-dispositive pre-trial motion to dismiss. This order addresses only that pre-trial motion.

Irving suffered serious personal injuries while working at Somersworth Shoe Company on October 10, 1979. Her hair was caught in an unguarded horizontal drive-shaft which was rotating at high speed. Regulations promulgated by the Occupational Safety and Health Administration ("OSHA") required that the shaft be guarded. On two occasions prior to Irving's accident, OSHA compliance officers undertook inspections of the Somersworth Shoe facility, for the purpose of detecting dangerous working conditions. In neither inspection was the drive-shaft in question identified or cited as being in violation of OSHA regulations.

After filing an administrative claim with the United States Department of Labor, Irving filed suit in this court in 1981, seeking to hold the United States liable for her injuries under the FTCA. The FTCA constitutes a limited waiver of sovereign immunity under which the government has agreed to be liable for the negligent acts and omissions of its employees "under

2

circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Consistent with this provision, Irving asserts that the government is liable for her injuries under the "Good Samaritan doctrine" recognized by New Hampshire law. See Corson v. Liberty Mut. Ins. Co., 110 N.H. 210, 265 A.2d 315 (1970). This court has twice determined that Irving's complaint states a claim under New Hampshire's Good Samaritan doctrine. (Order, Feb. 22, 1982; Order, Mar. 22, 1983.) The government does not challenge those prior rulings.[1]

Instead, the government seeks to dismiss Irving's complaint on three separate grounds. The government contends that this court lacks subject matter jurisdiction because Irving's claim is barred by the discretionary function exception, 28 U.S.C.

---

[1] The government has, however, moved for "summary judgment," (Def't Mot. at 2.), on grounds that Irving has not carried her burden of establishing "her [Good Samaritan] case by a preponderance of the evidence." (Def't Mot. at 35.) The government requests this court to weigh the evidence in the record and resolve disputed questions of fact regarding portions of Irving's Good Samaritan claim, including issues related to proximate cause and comparative negligence. Resolution of material factual disputes at the summary judgment stage is, of course, inappropriate. Accordingly, the court declines to consider the government's arguments on these issues at this point. Rather, the court will address them in its forthcoming ruling on the merits.

3

§ 2680(a), and the misrepresentation exception, 28 U.S.C. § 2680(h), to the FTCA. The government also argues that Irving's claim should be dismissed because it is premised on OSHA regulations that do not give rise to a private cause of action assertable under the FTCA.

## II. STANDARDS OF REVIEW

"When faced with a motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), Fed. R. Civ. P., the party asserting jurisdiction has the burden to establish by competent proof that jurisdiction exists." Stone v. Dartmouth College, 682 F. Supp. 106, 107 (D.N.H. 1988) (citing O'Toole v. Arlington Trust Co., 681 F.2d 94, 98 (1st Cir. 1982); C. Wright & A. Miller, 5 Federal Practice & Procedure § 1350, at 555 (1969 & Supp. 1987)). Furthermore, the court "may consider pleadings, affidavits, and other evidentiary materials without converting the motion to dismiss to a motion for summary judgment." Lex Computer & Management Corp. v. Eslinger & Pelton, P.C., 676 F. Supp. 399, 402 (D.N.H. 1987); see also Richmond, F & P R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991), cert. denied, 503 U.S. 984 (1992); Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). But, the court "should apply the standard

4

applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, 945 F.2d at 768 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citing Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987)).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6), on the other hand, is one of more limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F. Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

5

## III. DISCUSSION

The government advances three separate arguments in support of its motion to dismiss. The court will address each in turn.

### A. Discretionary Function Exception

The government first moves to dismiss Irving's complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), claiming that the negligent acts Irving alleges all come within the discretionary function exception to the FTCA. In urging dismissal of Irving's complaint, the government represents that there remain no disputed, material, jurisdictional facts. That representation, however, seems to ignore both the present posture of this case and the First Circuit's mandate in Irving II.

The procedural history of this case, which includes three separate appeals to the First Circuit, is convoluted to be sure. But, it is plain that the court of appeals has determined that further fact finding is necessary to decide the discretionary function question presented by this case. In Irving v. United States, 909 F.2d 598 (1st Cir. 1990) ("Irving I"), the court of appeals stated, "[A]n issue of fact lingers in the evidence of record: whether OSHA policy left the thoroughness of inspections a matter of choice for its compliance officers." Id. at 605. In

6

_Irving II_, 49 F.3d at 853, the court was even more direct stating "[W]e reject the government's argument that the discretionary function question can be decided in its favor without further fact finding."

Under the "law of the case" doctrine, "a decision by an appellate court on a particular issue, unless vacated or set aside, governs the issue during all subsequent stages of the litigation." _CPC Intern. v. Northbrook Excess & Surplus Ins._, 46 F.3d 1211, 1215 (1st Cir. 1995). A mandate by the court of appeals is "completely controlling" on the district court to which the case is remanded. _Commercial Union Ins. Co. v. Walbrook Ins. Co._, 41 F.3d 764, 770 (1st Cir. 1994) (quoting _Elias v. Ford Motor Co._, 734 F.2d 463, 465 (1st Cir. 1984)). The First Circuit recognizes only three narrowly cabined exceptions to this doctrine. An issue should not be reopened unless: (1) the evidence at a subsequent trial is substantially different; (2) a controlling authority has since made a contrary decision of law applicable to the issue; or (3) the decision was clearly erroneous and would work a manifest injustice. _United States v. Rivera-Martinez_, 931 F.2d 148, 151 (1st Cir.) (citing _White v. Murtha_, 377 F.2d 428, 432 (5th Cir. 1967)), _cert. denied_, 502 U.S. 862 (1991).

7

The government advances none of these bases, nor any other, in support of its argument that the discretionary function exception issue can be decided without further fact finding, and the court finds none of them applicable here.  Therefore, this court is bound to follow the mandate of the First Circuit in Irving II and deny the government's motion to dismiss for lack of subject matter jurisdiction based on the discretionary function exception, since further fact finding is required and the material facts are obviously disputed.

### B.    Misrepresentation Exception

As an additional limit on the FTCA's broad waiver of sovereign immunity, 28 U.S.C. § 2680(h) excepts from the statute "[a]ny claim arising out of . . . misrepresentation [or] deceit." Because this so-called "misrepresentation exception" to the FTCA limits the United States' waiver of sovereign immunity, it removes from the federal courts' subject matter jurisdiction all claims falling within the exception.  Mullens v. United States, 976 F.2d 724 (1st Cir. 1992) (per curiam).  The government argues that because Irving's claim is based on her detrimental reliance upon alleged government-communicated misinformation regarding the safety of the Somersworth Shoe plant, this court must dismiss the

8

case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Irving counters that her suit actually alleges breach of a clear duty imposed by New Hampshire's Good Samaritan doctrine, a duty entirely distinct from that recognized by the tort of negligent misrepresentation. Resolution of the government's motion depends primarily on the effect of two Supreme Court decisions interpreting the misrepresentation exception, United States v. Neustadt, 366 U.S. 696 (1961), and Block v. Neal, 460 U.S. 289 (1983).

In United States v. Neustadt, the plaintiffs sued the United States after a Federal Housing Administration ("FHA") inspection failed to disclose defects in a house plaintiffs bought. Plaintiffs relied on the FHA inspection in going forward, but defects later became apparent in the house. In their complaint, plaintiffs alleged that "the FHA's inspection and appraisal of the property . . . had been conducted negligently" and that they "were justified in relying upon the results of that inspection and appraisal." Neustadt, 366 U.S. at 700.

The Supreme Court held that plaintiffs' claim was barred by the misrepresentation exception, 28 U.S.C. § 2680(h). Id. at 711. In crafting the misrepresentation exception, Congress "had in mind" the "traditional and commonly understood legal

9

definition of the tort of `negligent misrepresentation.'"[2]  Id.
at 706-07; see also Jimenez-Nieves v. United States, 682 F.2d 1,
3-4 (1st Cir. 1982) ("In determining the proper scope of the
§ 2680(h) exceptions, we must turn to the `traditional and
commonly understood definition of the tort.'").  Negligent
misrepresentation was defined by the Neustadt Court as breach of
the "duty to use due care in obtaining and communicating
information upon which [the plaintiff] may reasonably be expected
to rely."  Id. at 706 (emphasis added).

While the misrepresentation exception is relatively narrow,
a plaintiff cannot escape its effect simply by arguing that the
"gist" or "gravamen" of the claim is the "negligence underlying
the inaccurate representation."  Neustadt, 366 U.S. at 703, 704.
Rather, a plaintiff must allege breach of a "specific duty" owed
by the government, separate from that imposed by the common law
tort of negligent misrepresentation.  Id. at 708.  The Court held
that the plaintiffs in Neustadt alleged breach of no duty
independent of the duty to exercise due care in obtaining and
communicating information upon which others will reasonably rely,
the duty recognized by the tort of negligent misrepresentation.

---

[2] The Neustadt Court also held that section 2680(h)
comprehends willful as well as negligent misrepresentation.  Id.
at 702-03.

Id. at 706. Therefore, plaintiffs' claim was barred by 28 U.S.C. § 2680(h).

United States v. Block, 460 U.S. 289 (1983), addressed a fact pattern similar to that of Neustadt. A Farmers Home Administration ("FmHA") official inspected a house three times, both during and immediately after its construction, and issued a report confirming that the house met all applicable FmHA standards. Plaintiff bought the house and later experienced problems with the heat pump. The FmHA reinspected the house and found fourteen defects in its construction. The plaintiff sued the United States for damages, alleging negligent inspection under the Good Samaritan doctrine, that is, "one who undertakes to act, even though gratuitously, is required to act carefully and with the exercise of due care and will be liable for injuries proximately caused by failure to use such care." Id. at 293 (citing Restatement (Second) of Torts § 323 (1965)).

In determining whether plaintiff's claim was barred by the misrepresentation exception of 28 U.S.C. § 2680(h), the Block Court began by reaffirming Neustadt's holding that the exception applies "only when the action itself falls within the commonly understood definition of a misrepresentation claim," and by distinguishing negligent misrepresentation from the "many

11

familiar forms of negligent misconduct [which] may be said to involve an element of `misrepresentation' [only] in the generic sense of that word." Id. at 296 n.5 (internal quotations and citations omitted). The Court then went on to clarify the thrust of Neustadt - that the misrepresentation exception "does not bar negligence actions which focus not on the Government's failure to use due care in communicating information, but rather on the Government's breach of a different duty." Id. at 297 (emphasis added).

The duty imposed upon the government by the Good Samaritan doctrine was deemed a duty separate from that recognized by the tort of negligent misrepresentation. Id. at 297-98. That the facts underlying plaintiff's Good Samaritan claim would also support a claim for negligent misrepresentation was considered unimportant. "[T]he partial overlap between these two tort actions does not support the conclusion that if one is excepted under the Tort Claims Act, the other must be as well." Id. at 298. Therefore, the plaintiff's action under the Good Samaritan doctrine was recognized as a distinct and viable claim, unaffected by the misrepresentation exception.

This court has already stated that "New Hampshire law does impose the `Good Samaritan duty' that one who gratuitously

12

undertakes to assist in the safety of plant operations is liable to an injured employee for making negligent inspections which are causal of the injury to said employee." (Order, Feb. 22, 1982 at 11.) By claiming that OSHA undertook to inspect the Somersworth Shoe plant yet conducted that inspection negligently, and that OSHA's negligence caused her injuries, Irving has stated a claim under the Good Samaritan doctrine. (Order, Feb. 22, 1982; Order, Mar. 22, 1983.)

Despite the fact that Irving states an otherwise valid Good Samaritan claim, the government argues that her claim is barred because it still relies, to an extent, on misinformation communicated to a third party by the government.[3] But mere reliance on a government misrepresentation does not convert a valid Good Samaritan claim into a barred negligent misrepresentation claim. "[M]isrepresentation runs all through the law of torts as a method of accomplishing various types of [other] tortious conduct." Jimenez-Nieves, 682 F.2d at 4 (internal quotations and citations omitted). But the misrepresentation exception does not bar all tort claims against

_____

[3] Irving claims that OSHA told Somersworth Shoe that its factory met OSHA standards, and, relying on that misinformation, Somersworth Shoe failed to guard the drive-shaft that caused Irving's injury.

13

the government that involve some element of misrepresentation. As long as communication of the negligently generated information is a "causal element[] of [an]other tort[] . . . the misrepresentation exception does not apply." Id. at 5. Indeed, a contrary interpretation would "encourage the Government to shield itself completely from tort liability by adding misrepresentations to whatever otherwise actionable torts it commits." Block, 460 U.S. at 298.

By stating a claim under New Hampshire's Good Samaritan doctrine, Irving has alleged breach of a duty that is distinct from the duty recognized by the tort of negligent misrepresentation. Therefore, her claim is not barred by the misrepresentation exception to the FTCA. Accordingly, the government's motion to dismiss for lack of subject matter jurisdiction is denied.

## C. Duty Arising From a Federal Regulation

The government also argues that because Irving's claim is predicated on an alleged violation of federal regulations, OSHA standards applicable to Somersworth Shoe, the suit should be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Violation of a federal

14

regulation does not, in and of itself, create an actionable tort under the FTCA. "[E]ven where specific behavior of federal employees is required by federal statute, liability to the beneficiaries of that statute may not be founded on the Federal Tort Claims Act if state law recognizes no comparable private liability." Zabala Clemente v. United States, 567 F.2d 1140, 1149 (1st Cir. 1977), cert. denied, 435 U.S. 1006 (1978).

But, as this court has noted and the United States recognizes elsewhere in its brief, Irving has not simply alleged non-compliance with OSHA regulations. Rather, Irving claims that the government breached a duty imposed by the Good Samaritan doctrine, a creature of New Hampshire common law. See Corson v. Liberty Mut. Ins. Co., 110 N.H. 210, 265 A.2d 315 (1970). Therefore, the government's motion to dismiss for failure to state a claim upon which relief can be granted is denied.

## IV.    CONCLUSION

Irving has adequately asserted a cause of action under New Hampshire's Good Samaritan doctrine, alleging that the government, having undertaken to inspect the Somersworth Shoe plant breached its duty to conduct that inspection in a non-negligent manner, and that the government's negligence caused or

15

contributed to her injuries.  (Order, Feb. 22, 1982; Order, Mar. 22, 1983.)  Therefore, her suit states a claim upon which relief can be granted, and it is not barred by the misrepresentation exception to the FTCA.  Additional fact finding is necessary in order to determine whether Irving's suit is barred by the discretionary function exception to the FTCA.  Accordingly, the government's motion to dismiss, or in the alternative, for summary judgment (document no. 146) is denied.


        SO ORDERED.


                                    _____
                                    Steven J. McAuliffe
                                    United States District Judge

March 13, 1996

cc:  Phyllis Jackson Pyles, Esq.
     Gretchen Leah Witt, Esq.
     Paul R. Cox, Esq.

16